UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**STEPHEN P. FAHEY, AS RECEIVER FOR AGRIDIME, LLC,**

Plaintiff,

v. **No. 4:26-cv-00038-P**

**TAYLOR BANG CATTLE SALES, LLC, ET AL.,**

Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court is Plaintiff's Motion to Dismiss Counterclaims ("Motion"). ECF No. 50. Having reviewed the filings and the relevant law, the Court will **GRANT** the Motion.

## BACKGROUND

Acting in his capacity as Receiver for Agridime, LLC ("Agridime"), Plaintiff Stephen P. Fahey (the "Receiver") filed the above-captioned case on January 12, 2026. Fahey was appointed Receiver for Agridime in a related case before this Court concerning a fraudulent scheme perpetrated by Agridime. Between 2021 and 2023, Agridime raised roughly $191 million from investors by selling fraudulent cattle contracts. Relevant here, Agridime entered into contracts with ranchers who owned cattle to send the cattle to third-party feedyards for care and feeding until they were sold. Those feedyards, in return, advanced funds to Agridime purportedly secured by the cattle.

The feedyards were in possession of several thousand head of cattle in Agridime's name when this Court appointed the Receiver. These cattle were subsequently sold, with the Receiver retaining the sales proceeds as Receivership assets. Both the ranchers who provided the cattle and the feedyards that cared for them have made competing

claims to those sales proceeds. The ranchers assert they are entitled to preferential recovery of the proceeds by virtue of statutory trusts created under two federal statutes—namely, the Packers and Stockyards Act and the Dealer Trust Act. The feedyards, in turn, assert they are entitled to preferential recovery of the proceeds by virtue of security interests in the cattle granted to them by Agridime.

The Receiver filed the instant case seeking declaratory judgments regarding, among other things, what preference should be given to the competing claims to the sales proceeds. Most Defendants named by the Receiver proceeded to file their own counterclaims against the Receiver and crossclaims against each other. On April 27, the Receiver filed his Motion to Dismiss Counterclaims. ECF No. 50. In his Motion, the Receiver asks the Court to dismiss each of the Defendants' declaratory judgment counterclaims for being duplicative of the Receiver's original claims and failing to present any independent controversy for this Court to resolve. *See* ECF No. 50 at 2. The Court now addresses the Receiver's Motion.

## LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(6)

A defendant, including a counter-defendant, may file a motion to dismiss a claim for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the claimant must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept all well-pleaded facts as true and view them in the light most favorable to the claimant. *Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

### B. The Declaratory Judgment Act

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a). The Act "confers a discretion on the courts rather than an absolute right upon the litigant." *Wilton v. Seven Falls Co.*, 515

U.S. 277, 287 (1995) (quotation omitted). This discretion includes dismissing a claim for declaratory relief if the Court determines that the declaratory judgment sought "will serve no useful purpose." *Id.* at 288.

## ANALYSIS

The Court will first examine the Receiver's Motion to Dismiss Counterclaims. It then turns to the crossclaims filed by Defendants in this case.

### A. The Court dismisses each of the Defendants' declaratory judgment counterclaims.

This Court has the power to "strike or dismiss a counterclaim on the basis that it is redundant." *Centex Homes v. Lexington Ins. Co.*, No. 3:13-CV-719-BN, 2014 WL 1225501 at *14 (N.D. Tex. Mar. 25, 2014); *see Aqrawi v. Am. Mod. Prop. & Cas. Co.*, 555 F. Supp. 3d 467, 470 (S.D. Tex. 2021) ("Courts in the Fifth Circuit have regularly rejected declaratory judgment claims that seek resolution of matters that will already be resolved as part of the claims in the lawsuit.") (quotation omitted). A counterclaim is redundant when "resolution of plaintiff's claim, along with the affirmative defenses asserted by defendants, would resolve all questions raised by the counterclaim." *Centex Homes*, 2014 WL 1225501 at *14 (quotation omitted).

The Receiver argues that each of Defendants' declaratory judgment counterclaims are mirror images of the Receiver's claims and seek declarations on the same questions presented. The Receiver's claims can be summarized as follows:

> "**Count One** seeks a declaration regarding the validity of the Ranchers' Packer Trust Claims under the Packers and Stockyards Act, including whether Agridime qualified as a "packer," whether the transactions constituted "cash sales," and whether the Ranchers timely preserved their claims.
>
> **Count Two** seeks a declaration regarding the validity of the Ranchers' Dealer Trust Claims under the Dealer Trust Act, including parallel questions regarding dealer status, cash-sale status, and timeliness.
>
> **Count Three** seeks a declaration regarding the validity, priority, and extent of the Feedyards' claimed security interests in the

> Disputed Cattle Proceeds, including whether those security interests are enforceable against the Ranchers and the Receivership estate.
>
> **Count Four** (asserted in the alternative) seeks a declaration that, to the extent Defendants are entitled to payments, the timing of such payments."

ECF No. 50 at 3. The Court will address each Defendants' counterclaims in turn.

1. <u>The North Dakota Ranchers' counterclaim duplicates the Receiver's claims.</u>

Defendants Lonnie Lee Jaeger, Mario Ost, and Lance Lenton (collectively, the "North Dakota Ranchers") filed a counterclaim seeking a declaration on several issues. The North Dakota Ranchers ask the Court to declare that: (1) the proceeds from the sold cattle are first to be paid to themselves; (2) the North Dakota Ranchers' sale of cattle to Agridime were "cash sales" under the Packers and Stockyards Act and Dealer Trust Act; (3) Agridime was a "packer" for the purposes of the Packers and Stockyards Act and a "dealer" for the purposes of the Dealer Trust Act; (4) the North Dakota Ranchers timely preserved their statutory trust claims under both statutes; (5) the disputed sales proceeds are trust assets, not Receivership assets; and (6) the feedyards' security interests in the cattle do not take priority over the North Dakota Ranchers' statutory trust claims. ECF No. 30 at 39–51.

All of the declaratory relief requested by the North Dakota Ranchers overlaps with the Receiver's affirmative claims. Whether the North Dakota Ranchers should be paid before any other claimant to the sales proceeds (1, above) overlaps with the Receiver's Counts One and Two, which ask whether the ranchers in this case ought to be paid first. Whether the North Dakota Ranchers' cattle sales were "cash sales" (2, above), whether Agridime was a "packer" or "dealer" for the purposes of the two statutes (3, above), whether the North Dakota Ranchers timely preserved their claims (4, above), and whether the sales proceeds are statutory trust assets (5, above) also overlap with the Receiver's Counts One and Two, which involve those same questions. Whether the feedyards' security interests in the cattle take priority over the North

Dakota Ranchers' statutory trust claims (6, above) is one of the exact questions presented by the Receiver's Count Three.

Resolving the Receiver's claims would necessarily require resolving the issues raised by the North Dakota Ranchers' counterclaim. The Court accordingly finds that it is proper to dismiss. The North Dakota Ranchers' counterclaim is **DISMISSED without prejudice.**

2. The Feedyards' counterclaims duplicate the Receiver's claims.

Defendants Cattle Empire, LLC and Brookover Feed Yards, Inc. (collectively, the "Feedyards") filed two counterclaims seeking declaratory relief. By their Counts One and Three, the Feedyards ask the Court to declare that: (1) the Feedyards' security interests take priority over other claims to the disputed sale proceeds, including the ranchers' claims; and (2) in the event the North Dakota Ranchers' claim is superior to the Feedyards' claim, the Receiver must marshal other cattle-derived funds to preserve the Feedyards' security interests. ECF No. 20 at 20–27, 30–32.

Both of these counterclaims, too, overlap with the declaratory relief sought by the Receiver. The Feedyards' Count One seeks a declaration on the relative priority of the Feedyards' security interests in the sales proceeds, an issue raised by the Receiver's Count Three. The Feedyards' Count Three asks the Court to declare that the Receiver should marshal other available funds to pay out the Feedyards' claims to the disputed sales proceeds in the event the Court finds that the North Dakota Ranchers should be paid first. Although this counterclaim seeks equitable relief, it concerns the timing and manner of payment of the disputed sales proceeds—questions raised by the Receiver's Counts One, Two, and Four. The Feedyards are free to assert this legal position within the scope of the Receiver's affirmative claims.

Because the Court finds the Feedyards' counterclaims are duplicative of the Receiver's claims, they are **DISMISSED without prejudice.**

3. The Bang Defendants' counterclaim duplicates the Receiver's claims.

Defendants Todd Bang and Terrald Bang (collectively, the "Bang Defendants") filed one counterclaim against the Receiver seeking declaratory relief.[1] By their Counterclaim One, the Bang Defendants ask the Court to declare that: (1) the Bang Defendants sold and delivered cattle to Agridime through "cash sales" within the meaning of the Packers and Stockyards Act and Dealer Trust Act; (2) the Bang Defendants timely preserved their statutory trust claims; (3) the disputed sales proceeds are trust assets, not Receivership assets; and (4) the Bang Defendants' statutory trust claims are superior to the Feedyards' security interests and the Receiver's distribution plan. ECF No. 41 at 10–11.

This counterclaim also seeks duplicative declaratory relief. Like the North Dakota Ranchers' counterclaim, all four questions posed by the Bang Defendants' counterclaim overlap with the Receiver's Counts One, Two, Three, and Four. Resolving the Receiver's claims would necessarily resolve Counterclaim One. Accordingly, the Bang Defendants' Counterclaim One is **DISMISSED without prejudice.**

4. The remaining Defendants' counterclaims duplicate the Receiver's claims.

Defendants Larry Sorenson, Chad Lorson, and Patrick Morgan each filed materially identical counterclaims for declaratory relief. In sum, each Defendant asks the Court to declare that (1) they sold and delivered cattle to Agridime through "cash sales" within the meaning of the relevant statutes, (2) they timely preserved their statutory trust claims, (3) the disputed sales proceeds are trust assets, not Receivership assets, and (4) the Feedyards have no priority to the sales proceeds over themselves. *See* ECF No. 47 at 11–12 (Sorenson); ECF No. 26 at 4–5 (Lorson); ECF No. 28 at 4–5 (Morgan).

[1] The Bang Defendants also assert a Counterclaim Two against the Receiver seeking an accounting of the relevant cattle sales through "statutory law" and "equity." ECF No. 41 at 10–11. On its face, Counterclaim Two does not request declaratory relief. The Receiver's Motion only seeks dismissal of "declaratory judgment counterclaims." ECF No. 50 at 1, 10. The Court thus construes the Receiver's Motion as not applying to the Bang Defendants' Counterclaim Two.

As with the other ranchers in this case, each of these counterclaims seeks duplicative relief. Each question raised will be resolved when the Court resolves the Receiver's Counts One, Two, and Three. The Court thus finds it appropriate to dismiss them. Accordingly, Sorenson, Lorson, and Morgan's counterclaims are **DISMISSED without prejudice.**

**B. The Court exercises its discretion to dismiss Defendants' crossclaims.**

The Receiver's Motion does not seek dismissal of the crossclaims asserted between the Defendants in this case. But the Court finds it prudent to address them. The Declaratory Judgment Act gives the Court discretion to dismiss declaratory judgment claims that "serve no useful purpose." *Wilton*, 515 U.S. at 288. There is no reason to think this discretion does not apply to crossclaims in the same way it applies to counterclaims. The Court may properly dismiss Defendants' crossclaims for declaratory relief if they, too, are duplicative of the Receiver's claims and pose no independent controversy. *Great Am. Ins. Co. v. Goin*, No. 3:15-CV-75-L, 2017 WL 4238698 at *4 (N.D. Tex. Sept. 25, 2017) ("This Court has previously declined in its discretion to adjudicate declaratory judgment actions that are duplicative of other claims in the same case."). And the Court may dismiss claims *sua sponte* if it dismisses them without prejudice. *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 n.1 (5th Cir. 2014).

The Court exercises its discretion to dismiss Defendants' crossclaims for serving no useful purpose. First, the Court already held above that Defendants' declaratory judgment counterclaims seek duplicative relief. *See supra* Part A. To the extent those counterclaims were also asserted as crossclaims against other Defendants, they too seek duplicative relief. The North Dakota Ranchers, Larry Sorenson, and Patrick Morgan all style their claims for declaratory relief as both a counterclaim against the Receiver and a crossclaim against the Feedyards. *See* ECF No. 30 at 30 (North Dakota Ranchers); ECF No. 47 at 11 (Sorenson); ECF No. 28 at 4 (Morgan). Because the Court determined their counterclaims were duplicative of the Receiver's claims, it also deems their crossclaims duplicative and unnecessary. The same applies to the Feedyards' Counts

One and Three, which were asserted both as counterclaims against the Receiver and crossclaims against other Defendants. *See* ECF No. 20 at 20, 30. The Court must dismiss these crossclaims as redundant given that they seek the same relief as the counterclaims dismissed above.

Second, the crossclaims the Court has not yet addressed also seek duplicative and unnecessary relief. The Bang Defendants asserted one crossclaim against the Feedyards. That crossclaim asks the Court to decide several specific legal issues that, in general, go to the validity and relative priority of the competing claims to the sales proceeds. *See* ECF No. 41 at 11. Those issues are fully enveloped within the Receiver's Counts One, Two, and Three. The Feedyards' Counts Two and Four, which lodge crossclaims against the North Dakota Ranchers, fare no better. Count Two seeks a declaratory judgment that the North Dakota Ranchers are estopped from claiming priority in the disputed sales proceeds in the event the Court finds that they have a superior interest. ECF No. 20 at 27–30. This crossclaim, however, goes to the relative priority of the Defendants' competing claims—which means resolving the Receiver's Counts One, Two, and Three will necessarily resolve the crossclaim. The Feedyards' Count Four asserts a fraud claim against the North Dakota Ranchers in the event the Court decides they have a superior interest to the sales proceeds. ECF No. 20 at 32–35. Because this crossclaim depends on the relative priority and enforceability of the Feedyards' interests, it overlaps with the Receiver's Count Three.

Accordingly, the Court finds it appropriate to **DISMISS** all crossclaims asserted by Defendants without prejudice.

## CONCLUSION

"In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Wilton*, 515 U.S. at 288. In dismissing Defendants' claims, the Court makes no judgment on their merit. It only performs its duty to conserve judicial resources and dispose redundant claims. Defendants can continue to raise all their arguments in this case within the scope of the Receiver's declaratory judgment claims.

The Court **ORDERS** that the Receiver's Motion (ECF No. 50) is **GRANTED.** All counterclaims in this case, with the exception of the Bang Defendants' Counterclaim Two, are hereby **DISMISSED without prejudice.** The Court further **ORDERS** that all crossclaims in this case are also **DISMISSED without prejudice.**

**SO ORDERED** on this **3rd day** of **September 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE